UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOEY G GARCIE ET AL                                CIVIL ACTION NO. 25-cv-907

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

SCHOOL BOARD SABINE PARISH ET AL    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiffs filed suit in state court against the school board, sheriff, and a deputy sheriff related to the punishment of high school students. The petition asserts claims such as bullying, false arrest, search in violation of school policy, and the like.

The petition does not specifically invoke any federal statute of constitutional provision, but the sheriff and his deputy removed the case based on an assertion of federal question jurisdiction. They pointed to the claim for false arrest, the allegations in the petition that the deputy was "operating under the color of law," and the allegation that the sheriff is a "a state actor." They concluded that this amounts to the assertion of a federal claim.

"Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011). "A plaintiff is the master of his complaint and may allege only state law causes of action, even when federal remedies might also exist." Id.; Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 535 (5th Cir. 2017).

Plaintiffs' petition does not specifically invoke *any* federal laws, and state law allows claims for false arrest, wrongful search, and the like.  There was a greater hint of a federal claim in a state court petition that alleged that defendant police officers violated "civil and constitutional rights" and "acted under color of law," but the Fifth Circuit held that the petition did not plead a federal claim that would trigger removal.  <u>Cevallos v. Silva</u>, 541 Fed. Appx. 390, 393 (5th Cir. 2013).  Similarly, a state-court plaintiff's generic references to "excessive force" and a city's failure to supervise were too ambiguous to allege a federal question in <u>Quinn v. Guerrero</u>, 863 F.3d 353, 359 (5th Cir. 2017).  See also <u>Poole v. City of Shreveport</u>, 2018 WL 5624313 (W.D. La. 2018) (claim of "excessive force" by a police officer was not necessarily a federal claim that could support removal) and <u>Stinson v. Scoggins</u>, 2008 WL 631204, *3 (W.D. La. 2008) (vague references to deprivation of "civil rights and liberties" and "unlawful detention" were insufficient; such rights are also protected by state law).

For the reasons explained above, there is substantial doubt that the court has subject matter jurisdiction.  Before the court makes a final decision or recommendation on the issue, it will afford Plaintiffs the opportunity to file a motion for leave to file an amended complaint that states that the Plaintiffs rely solely upon state law.  Such an amendment will deprive the court of any original or supplemental jurisdiction and require remand to state court.  <u>Royal Canin USA, Inc. v. Wullschleger</u>, 604 U.S. 22 (2025).  The deadline for Plaintiff to file a motion for leave to file such an amended complaint is **July 11, 2025**.

If, after that deadline, Defendants wishes to amend their notice of removal and/or file a memorandum arguing that there is a basis for federal question jurisdiction despite the

observations made above and any amended complaint filed by Plaintiffs, they may take such action by **July 18, 2025**. If Defendants take any of those steps, Plaintiffs will be allowed 14 days to file a memorandum in response and request attorney's fees under 28 U.S.C. § 1447(c) if they wish.

If the parties agree that remand is appropriate, they may forego the amendment/briefing process, advise the court, and an order of remand will be entered promptly.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of June, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge